**IN THE COURT OF APPEALS OF IOWA**

No. 14-1331
Filed February 11, 2015

**IN THE INTEREST OF J.P.-F.,**
**Minor Child,**

**R.V.,**
**Petitioner,**

**M.P.-M., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Crawford County, Mary L. Timko, Associate Juvenile Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Jason M. Finch of Jason Finch & Associates, Omaha, Nebraska, for appellant father.

Maura Sailer of Reimer, Lohman & Reitz, Denison, for appellee.

Gina S. Badding of Neu, Minnich, Comito & Neu, P.C., Carroll, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

A mother petitioned to terminate a father's parental rights to his child, born in 2010. As grounds for termination, the mother alleged abandonment pursuant to Iowa Code section 600A.8(3) (2013). The pertinent provision states:

> 3. A parent is deemed to have abandoned a child as follows:
> . . . .
> b. If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b).

Following a hearing, the district court granted the petition. In doing so, the court found as follows:

> [The father] stopped visiting [the child] over two years ago after an incident where [the father] called at the last minute for a visit on a Saturday. [The mother] told him that the family was going out of town but he could have a visit on Sunday. [The father] stated that if he could not take [the child] at that moment, he no longer wanted to have contact with [the child]. He has not requested visits since.

The court found "nothing in the record to indicate that [the father] was ever denied visitation or contact with [the child] except" on the single occasion described above. The court further found:

> [The father] would have had an easy time locating [the child] and asking for a visit. [The mother] had the same cell phone number as she did when she and [the father] split for a significant amount of time after. [The mother] has always lived in [the same town], a relatively small town, since she and [the father] split. . . . [The father] admits that he knows where [the mother] works.

The court acknowledged the father furnished some financial assistance for the first one-and-a-half years after the child's birth but noted "[t]here [was] nothing for 2012, 2013, or 2014," even though the father was employed. Additionally, the father only sent one birthday present over the four years of the child's life. The court concluded there was clear and convincing evidence to establish abandonment. The father appealed.

The father contends (1) there is insufficient evidence "in the record to support the finding that [he] has abandoned his child" and (2) there is insufficient evidence in the record "to support the finding that termination of parental rights was in the child's best interests." On our de novo review, we disagree.

The mother testified she separated from the father shortly before the child's birth and the father never lived with the child. While he came to the hospital following the birth, he did not begin visits with the child for two months. After that point, the mother said his visits were sporadic, occurring "every week, every two weeks, sometimes not even once a month." As the court noted, the visits ended in the second year of the child's life. The father's limited financial support of the child also ended at that time. The child was "just over four years old" at the time of the termination hearing.

The father blames the mother for the curtailed visits. While the mother conceded she did not "initiate" visits, she insisted she never avoided them. She

testified it was the father who unilaterally "decided to stop seeing" the child. We conclude the mother had no obligation to insist the father perform his parental obligations. *See id.* § 600A.8(3)(c) ("the court shall not require a showing of diligent efforts by any person to encourage the parent to perform the acts specified in . . . paragraph 'b.'"); *see also id.* § 600A.2(19) (defining "to abandon a minor child" as rejection of "the duties imposed by the parent-child relationship").

Significantly, the father acknowledged he had not seen the child for "[a]bout two years." His only proffered reason for the absence of contact was his desire not to "cause problems with [the mother] and her marriage." While he pointed to the fact he filed a petition to establish paternity and custody, the petition was filed years after the child's birth and was stayed pending the outcome of the termination petition.

We do not doubt the father "always wanted to have a relationship with" the child, as he stated. But "[t]he subjective intent of the parent, whether expressed or otherwise, unsupported by evidence of acts specified in paragraph 'a' or 'b' manifesting such intent, does not preclude a determination that the parent has abandoned the child." *Id.* § 600A.8(3)(c).

We conclude abandonment was proven. The same reasons supporting abandonment also support a conclusion that termination was in the child's best interests. *See id.* § 600A.1 ("The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent.").

**AFFIRMED.**